# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Janet Nakalila Kitui,<br><br>Plaintiff,<br><br>v.<br><br>Entrust Datacard Corporation,<br><br>Defendant. | Case No. 14-cv-3480 (SRN/SER)<br><br>**ORDER** |

Janet Nakalila Kitui, 7250 York Ave. South #111, Edina, Minnesota 55435, pro se.

Melissa Raphan and Jessica Shiffman, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Review of and Objection to the U.S. Magistrate Judge Order [Doc. No. 80] denying Plaintiff's Motion to Amend the Complaint.  For the reasons stated below, the Court affirms the Magistrate Judge's Order.

## II.    BACKGROUND

On March 2, 2016, Plaintiff moved pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure for leave to file an amended complaint for purposes of asserting a claim for wrongful termination and punitive damages against Defendant, and a claim for defamation against an individual allegedly employed as a manager at Defendant.  (Pl.'s Mot. to Amend the Compl. to Add State Law Cause of Action for Defamation and

Request for Punitive Damages [Doc. No. 57], at 1.)  Plaintiff asserted that her Motion was timely and that the new claims and party should be added because the underlying facts arise out of the facts surrounding her other claims—i.e., her termination from employment at Defendant.  (Id.)  In opposition, Defendant argued that Plaintiff's Motion was untimely, that Plaintiff lacks good cause for amending her Complaint at this juncture, and that the addition of these claims would be futile and highly prejudicial.  (See Def.'s Mem. of Law in Opp. to Pl.'s Mot. to Amend Compl. [Doc. No. 66], at 1–2.)  Plaintiff's Motion was heard on March 16, at which time the Magistrate Judge issued an oral Order denying the Motion "for the reasons stated on the record."  (Text Only Entry dated Mar. 16, 2016 [Doc. No. 72].)

**III.   DISCUSSION**

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential."  Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The Court must affirm the order unless it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); accord D. Minn. LR 72.2(a)(3).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).  If the magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though had it been sitting as the trier of fact, it would have weighed the evidence differently.  Anderson v. Bessemer City, 470 U.S. 564, 573–74 (1985).

Plaintiff's challenge to the Magistrate Judge's ruling states, in its entirety:

> Plaintiff respectfully requests that the Honorable District Court Judge vacate, reverse and or modify the United States Magistrate Judge Steven E. Rau (72) Order because findings upon which it is based are clearly erroneous or contrary to the law. Plaintiff is filing this Application for review and objections in a timely manner within fourteen (14) days of service of the Honorable Judge's order.

(Pl.'s Mot. for Review of and Objection to the U.S. Magistrate Judge (57) Order [Doc. No. 80].) Defendant argues that Plaintiff's objection must be overruled because it is vague, unfounded, and untimely. (Def.'s Opp. to Pl.'s Mot. for Review of and Obj. to the U.S. Magistrate Judge Order [Doc. No. 84], at 1–2.) As for timeliness, Defendant asserts that Plaintiff's Motion was filed eighteen months after the original Complaint was filed, one year after the Complaint was served on Defendant, eight months after the deadline to move to amend had passed, and one month after the discovery deadline had passed. (Id. at 2.) According to Defendant, Plaintiff has failed to demonstrate good cause for her untimeliness or any clear error in the Magistrate Judge's ruling. (Id. at 2–3.)

The Court agrees with Defendant. First, Plaintiff has failed to identify any support for her contention that the Magistrate Judge's Order is based on clearly erroneous findings. Second, Federal Rule of Civil Procedure 15(a) governs the pre-trial amendment of pleadings and provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, pursuant to Rule 16(b)(4), when a motion for leave to amend is made after the deadline for bringing such motions has passed, the moving party must demonstrate "good cause." Fed. R. Civ. P. 16(b)(4); see Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008) ("When a party seeks to amend

a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional."). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." Sherman, 532 F.3d at 716 (citation and internal quotation marks omitted). Given that Plaintiff filed her Motion over eight months after the July 1, 2015 deadline to move to amend had passed and over one month after the February 1, 2016 discovery deadline had passed, (see Pretrial Scheduling Order [Doc. No. 30], at 1; Order Regarding Pretrial Scheduling Order Extensions [Doc. No. 46], at 1), it was not clearly erroneous for the Magistrate Judge to deny Plaintiff's Motion.

Because Plaintiff has failed to demonstrate any error—let alone clear error—in the Magistrate Judge's ruling, this Court affirms the Magistrate Judge's March 16, 2016 Order denying Plaintiff's Motion to Amend the Complaint.

## IV. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Review of and Objection to the U.S. Magistrate Judge Order [Doc. No. 80] is **DENIED**;

2. The Court **AFFIRMS** the Magistrate Judge's March 16, 2016 Order [Doc. No. 72]; and

3. Plaintiff's Motion to Amend the Complaint to Add State Law Cause of Action for Defamation and Request for Punitive Damages [Doc. No. 57] is **DENIED**.

Dated: May 10, 2016          s/Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States District Judge