# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Janet Nakalila Kitui, | Civil No. 14-3480 (SRN/SER) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Entrust Datacard Corporation, | |
| Defendant. | |

Janet Nakalila Kitui, Pro Se, 4225 Valley View Road, Edina, MN 55424

Jessica R. Shiffman, Melissa Raphan, and JoLynn M. Markison, Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Steven E. Rau dated July 30, 2016 [Doc. No. 92]. The R&R recommends granting the Motion for Summary Judgment [Doc. No. 52] brought by Defendant, Entrust Datacard Corporation ("Datacard"). Plaintiff Janet Nakalila Kitui ("Kitui") objects to the R&R. [Doc. No. 93].

According to statute, the Court must conduct a de novo review of any portion of the magistrate judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, and for the reasons set forth below, the Court overrules Plaintiff's Objections and

adopts the R&R.

## I. BACKGROUND

### A. Factual Background

The magistrate judge's R&R thoroughly documents the factual and procedural background of Plaintiff's case, which is incorporated herein by reference. Kitui was formerly employed by Datacard. Datacard is in the business of manufacturing financial cards and national and local identification cards. (R&R at 2.) Asserting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., Kitui, an African American female, alleges employment discrimination and harassment based on race in Count 1 of her Complaint, and employment discrimination based on gender in Count 2 of her Complaint. (Compl. ¶¶ 13-16; 17-21 [Doc. No. 1].) In Count 2, Kitui also contends that she was subjected to "retaliation for opposing race discrimination." (Compl. ¶¶ 17-21.)

Kitui alleges that Datacard hired her as a Buyer in its Supply Chain Department in January 2012. (Compl. ¶¶ 8-9.) Rebecca Jasper worked as the Purchasing Manager in Datacard's Supply Chain Department at the time Kitui was hired and had oversight of Kitui's work. (Jasper Decl. ¶¶ 1; 6-12 [Doc. No. 77].) As the R&R more fully details, while Kitui's performance was initially good, her annual evaluation addressing work from April 2012 to March 2013 gave her an overall rating of "Achieving," noting that Kitui underperformed in the category of "on time delivery." (R&R at 3.) Jasper reduced Kitui's workload in order "to help her succeed," but Jasper found no corresponding

improvement in Kitui's performance. (Id.)

In October 2013, Jasper consulted with Curt Stockinger, a Datacard Human Resources Business Partner, to discuss placing Kitui on a performance improvement plan ("PIP"). (Id. at 4.) The proposed PIP indicated performance concerns. (Id.) Jasper decided to hold off on placing Kitui on a PIP for a few months because she wanted to first speak with Kitui to clarify the severity of the situation. (Id.)

In November 2013, Kitui received a negative mid-year evaluation. (Id.) At the time, Kitui did not disagree or argue about Jasper's assessment. (Id.) While Kitui disagreed with the assessment when she was deposed in this litigation, she agreed that she needed to improve her customer-responsiveness. (Id. at 5.) By January of 2014, Jasper documented that Kitui's performance had failed to improve. (Id.) On approximately February 7, 2014, Kitui requested a copy of her employment file from HR's Stockinger. (Id.) On February 11, Jasper decided it was time to place Kitui on a PIP; before doing so, she sent a draft PIP to Stockinger and Mike Boucher, Vice President of Datacard's Global Supply Chain Department. (Id.; Email from Jasper to Stockinger & Boucher, Ex. 9 to Jasper Decl.)

Prior to placing Kitui on the PIP, however, Jasper met with her on February 14, 2014 to discuss her concerns about Kitui's job performance. (Id.) After the meeting, Kitui asked Stockinger if he had informed Jasper about Kitui's earlier request to see a copy of her employment file. (Id.) Stockinger denied having done so. (Id.) After meeting with Kitui on February 14, Jasper went on a business trip to China; she planned

to place Kitui on the PIP when she returned. (Id.)

On February 25, 2014, Kitui and a coworker, Tammy Stenzel, got into a work-related disagreement. (Id. at 6.) Apparently after the fact, Stenzel told HR's Stockinger that she "had escalated" a customer order to Jasper because Stenzel "was not getting a quick enough response from . . . Kitui." (Id.) During the February 25 discussion between Kitui and Stenzel, Kitui accused Stenzel of being racist and called her a privileged white woman. (Id.) Stockinger contacted Datacard's Legal Department regarding the confrontation. (Id.) The Legal Department investigated the matter, during which Kitui spoke with Datacard's general counsel. (Id.) Datacard concluded that Stenzel's conduct was not racially motivated or discriminatory. (Id.)

Jasper met with Kitui on February 26, 2016, the day after the incident with Stenzel, and gave Kitui the PIP. (Id.) The PIP stated that Kitui's performance was deficient and included detailed explanations. (Id. at 6-7.) The PIP also contained specific performance requirements and provided that Kitui would remain on the PIP until April 22, 2014. (Id.) If Kitui failed to show improvement or corrective action, she would be subject to disciplinary action, including termination. (Id.)

Kitui signed and returned the PIP on March 4, 2014. (Id. at 7.) She expressed concern about the timing of the PIP as it related to two events: (1) her request for a copy of her employment file; and (2) the incident involving Stenzel. (Id.) She expressed her belief that the PIP was issued in retaliation for her actions. (Id.) She also disagreed with certain data used to measure her performance. (Id.) In response to Kitui's comments,

Jasper informed Kitui that the PIP was unrelated to the incident with Stenzel and that Jasper was unaware that Kitui had requested her personnel file. (Id. at 7-8.)

Jasper thereafter met with Kitui regularly, finding that Kitui was still struggling to meet Datacard's performance standards. (Id. at 8.) Kitui and Jasper repeatedly communicated about Datacard's metrics calculations; Kitui persisted in her belief that Datacard's metrics were incorrect. (Id.) In April 2014, Jasper accused Kitui of purposely altering certain metrics to inflate her performance. (Id. at 8-9.) Afterwards, Jasper closely monitored Kitui's metrics and found a number of "manual overrides" for the April 21, 2014 metrics report. (Id.) Kitui, however, claimed that she had changed certain data based on a supplier's request or because the supplier did not receive an order. (Id. at 9.)

During the period of the PIP, Jasper also found that Kitui failed to address concerns about responsiveness to emails and phone calls. (Id. at 10.) At the time of Kitui's termination, she had 1,439 unread emails. (Id.) In March 2014, Boucher told Kitui that she should have been placed on a PIP in November 2013 and that "hearts were broken" because of Kitui's accusations of racism. (Id.)

Datacard terminated Kitui's employment at the end of the PIP period, effective May 6, 2014. (Id.) In response to a letter from Kitui, Jasper wrote a letter to Kitui dated May 14, 2014. (Id.) Jasper stated that Kitui was terminated because Kitui failed to meet the general requirements of the position. (Id.) Jasper specifically noted that Kitui did not meet the metrics and other requirements in the PIP. (Id.) Further, she indicated that Kitui had manipulated the system for reporting her performance in an inflated manner. (Id.)

Kitui filed a charge of discrimination with the Minnesota Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC") on June 3, 2014. (Id.) On June 18, 2014, the EEOC issued a dismissal and notice of right to sue. (Id.) Kitui filed this lawsuit in September 2014.

### B.     Procedural Background, R&R, and Objections

At the hearing on Defendant's Motion for Summary Judgment, held on May 20, 2016, Kitui made an oral motion to strike certain exhibits submitted by Datacard. (Id. at 12.) Magistrate Judge Rau indicated that he would consider Kitui's oral motion along with Defendant's summary judgment motion. (Id.) He permitted Kitui to submit additional information to the Court by May 23, 2016. (Id.) Kitui also made an oral motion to reopen discovery at the May 20 hearing, which the magistrate judge denied.[1] (Id.)

In the R&R, the magistrate judge observed that while Plaintiff's second count is entitled "Sex Discrimination in Violation of Title VII," all of her factual allegations concern race-based discrimination, (R&R at 11, n.9), such as claims that Plaintiff is entitled to Title VII protection, "including but not limited to the right to be free from retaliation for opposing race discrimination," (Compl. ¶ 18), and that "Plaintiff reported

---

[1] Previously, in March 2016, the magistrate judge had denied a motion to amend filed by Kitui, as well as an oral motion to reopen discovery. (R&R at 11.) The undersigned judge affirmed the magistrate judge's order denying the motion to amend, affirming the finding that Plaintiff failed to demonstrate good cause for the untimeliness of her motion, made eight months after the deadline to move to amend had passed, and one month after the discovery deadline had passed. (Order of 5/10/16 at 3-4 [Doc. No. 89].)

6

and opposed the race discrimination and harassment she was subjected to." (Compl. ¶ 19.) None of Plaintiff's claims in the Complaint concern gender-based discrimination, nor does Plaintiff challenge the magistrate judge's analysis of her Complaint as one asserting only race-based discrimination.

As to the summary judgment motion, Magistrate Judge Rau first found that Kitui failed to present direct evidence demonstrating unlawful discrimination. (R&R at 17-21.) He then examined the record under the burden-shifting test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to determine whether genuine issues of material fact precluded summary judgment. (Id. at 21-32.) Assuming for purposes of the summary judgment motion that Kitui had established a prima facie case of racial discrimination, the magistrate judge found that Datacard had articulated legitimate, non-race-based reasons for terminating Plaintiff: she was not meeting Datacard's performance metrics, she did not achieve other requirements in the 2014 PIP, and she manipulated the system for reporting metrics. (Id. at 22-25.) Next, Magistrate Judge Rau examined whether Kitui had presented sufficient evidence to establish that the City's articulated reasons for termination were mere pretext, so as to create a disputed issue of fact. (Id. at 26-32.) After considering Kitui's arguments and reviewing the record, the magistrate judge concluded that Kitui failed to present sufficient evidence to create a genuine issue of material fact that Defendant's termination of Kitui was pretext for unlawful discrimination. (Id. at 32.)

Moreover, the magistrate judge denied Kitui's oral motion to strike certain of

Datacard's exhibits, which Kitui had claimed contained various discrepancies concerning the metrics calculations. (Id.) After examining the documents proffered by Kitui against Datacard's exhibits, the magistrate judge found that none of discrepancies related to the substance of Datacard's exhibits. (Id.)

As to Defendant's summary judgment motion concerning Kitui's retaliation claim, Magistrate Judge Rau again applied the McDonnell Douglas analysis. (Id. at 32-34.) Assuming for the purposes of analysis that Kitui had established a prima facie case that her termination was retaliation for her request of the personnel file and her statements regarding the incident with Stenzel, the magistrate judge again found that Datacard had met its burden to establish a legitimate, non-retaliatory reason for Kitui's termination, as noted above. (Id. at 33.) He likewise found that Kitui failed to proffer a triable issue that her termination was pretext for retaliation. (Id.)

Concerning Plaintiff's claims of racial harassment/hostile work environment, the magistrate judge found that no reasonable jury could conclude that Kitui was subject to harassment due to her race or that she was subject to racial harassment that created an objectively hostile or abusive work environment. (Id. at 35-36.)

Accordingly, Magistrate Judge Rau recommended that Datacard's summary judgment motion be granted and the lawsuit be dismissed with prejudice. (Id. at 38.)

In Kitui's Objections, she argues that the magistrate judge erred by: (1) failing to recognize that she was not employed by Datacard on June 2, 2014; (2) denying her the ability to provide more details that would demonstrate discriminatory animus; (3)

erroneously denying her oral motion to strike exhibits; and (4) failing to provide her the opportunity to properly support or address the facts. (Obj. at 1.)

## II. DISCUSSION

First, as the magistrate judge observed, (R&R at 12-13), summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank of Missouri, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Enter. Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

Within the summary judgment scope of review, Magistrate Judge Rau then correctly examined whether Datacard had established that there were no disputed issues of material fact with respect to Kitui's Title VII claims concerning racial discrimination in employment, retaliation, and racial harassment/hostile work environment. (R&R at 16-38.)

Kitui's first ground of objection is that the R&R erroneously fails to recognize that she was not employed by Datacard on June 2, 2014. (Obj. at 1.) Accordingly, she

contends that she could not have manipulated the data in question. (Id.) The Court is not entirely clear about this basis of objection, as the R&R does not appear to contain a reference to Kitui working for Datacard on June 2, 2014. Even if it contains an incorrect factual reference such as that, the Court agrees with the magistrate judge's analysis, as none of the legal issues in the R&R hinge upon that date. Therefore, the magistrate judge's analysis is not incorrect. To the contrary, the magistrate judge properly applied the McDonnell Douglas burden-shifting test to analyze Plaintiff's claims based on indirect evidence. The evidence on which the magistrate judge relied in concluding that Datacard offered a legitimate, non-pretextual reason for terminating Kitui clearly encompassed the period of Kitui's employment with Datacard from January 2012 through May 2014. (See R&R at 2-10; 21-32.)

In Kitui's second ground of objection, she argues that the magistrate judge erroneously denied her the ability to provide more details that would show discriminatory animus by Datacard. (Obj. at 1.) As noted in the R&R, Kitui had argued before the magistrate judge that the performance evaluations from 2012-2013 that Datacard submitted in support of their motion were different than those that she received. (R&R at 29.) Thus, Kitui argued that this suggested some improper behavior or an effort to conceal discriminatory animus. (Id.) The Court rejects this basis of Kitui's Objections. To the extent that this argument challenges the magistrate judge's denial of Plaintiff's oral motion to reopen discovery, it is rejected for all of the reasons previously indicated in this Court's Order of May 10, 2016. Plaintiff's request was untimely and no good cause

was shown. Accordingly, the magistrate judge properly denied Kitui's request to reopen discovery in a case that was already at the summary judgment stage. Moreover, the magistrate judge considered all of the evidence in the record and even permitted Kitui to file additional information in support of her position after the hearing, which she did. (See Add'l Pl.'s Exs. from 5/20/16 Hrg. [Doc. No. 91].) He carefully compared the exhibits in question against Kitui's counter exhibits or statements in her Declaration. (R&R at 29-30.)

Kitui next argues that the R&R erroneously denied her oral motion to strike exhibits submitted by Datacard in support of its summary judgment motion. As the R&R indicates, Kitui moved to strike certain of Defendant's exhibits, arguing that they contained discrepancies when compared to documents in her possession. (R&R at 12; 30, n.21.) The magistrate judge considered Plaintiff's argument and reviewed her exhibits and statements in her Declaration, comparing them against Defendant's exhibits, (id. at 29-31), and found any inconsistencies to be inconsequential as related to the legal standard before the Court, stating: "None of the discrepancies that Kitui points to bear on the **substance** of the documents submitted to the Court. Without more than Kitui's speculation that these discrepancies suggest something nefarious or discriminatory, the Court concludes that the discrepancies do not create a genuine issue of material fact as to pretext." (Id. at 30) (emphasis in original).

This Court agrees with the magistrate judge's analysis. As the magistrate judge observed, it is not the Court's "province to decide whether that reason was wise, fair, or

11

even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." (Id. at 24) (quoting Wilking v. Cnty. of Ramsey, 153 F.3d 869, 873 (8th Cir. 1998)); see also Clay v. Hyatt Regency Hotel, 724 F.2d 721, 725 (8th Cir. 1984) ("While an employer's judgment may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was pretext for illegal discrimination.")  A plaintiff may establish sufficient evidence of pretext by showing that the employer's explanation is either "unworthy of credence" because it lacks any factual basis, or by persuading the court that an unlawful reason "more likely motivated the employer." Hilde v. City of Eveleth, 777 F.3d 998, 1004 (8th Cir. 2015) (quoting Torgerson v. City of Rochester, 643 F.3d 1031, 1047 (8th Cir. 2011)). The Court agrees with the magistrate judge's conclusion that Kitui failed to meet her burden of demonstrating that Datacard's asserted reasons were pretextual.  (R&R at 32.)  The purported discrepancies in the exhibits do not demonstrate pretext.

 Finally, as to Kitui's last ground of objection, she states, "The Report erroneously fails and refuses to interpret in rule [sic] give an opportunity to properly support or address the fact."  (Obj. at 1.)  The Court construes this objection to mean that the magistrate judge failed to provide Kitui with an opportunity to submit additional evidence or facts in support of her claims.  This is similar to her second ground of objection and it fails, for the same reasons noted above.  Not only was any effort to reopen discovery untimely and without good cause, the magistrate judge did, in fact, consider additional evidence that Kitui submitted after the hearing on Defendant's summary judgment

motion.  (See R&R at 29-31.)

For all of the foregoing reasons, the Court affirms the findings of Magistrate Judge Rau and adopts his recommendations.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Doc. No. 93] are **OVERRULED**;

2. Defendant's Motion for Summary Judgment [Doc. No. 52] is **GRANTED**;

3. The Report and Recommendation [Doc. No. 92] is **ADOPTED**; and

4. This action is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 25, 2016                                s/Susan Richard Nelson
                                                       SUSAN RICHARD NELSON
                                                       United States District Judge